IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| DONALD RAY ANGLIN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | NO. 12-3134 |
| | ) | |
| MARCUS HARDY, | ) | |
| | ) | |
| Respondent. | ) | |

OPINION

RICHARD MILLS, U.S. District Judge:

Pending before the Court is the Petition for Writ of Habeas Corpus by a Person in State Custody [d/e 10] filed by Petitioner Donald Ray Anglin.  Pending also is the Motion for Summary Judgment [d/e 17] filed by the Respondent.

I. BACKGROUND[1]

Petitioner Donald Ray Anglin is incarcerated at the Stateville

---

[1] These facts are taken from the Undisputed Material Facts in support of the Motion for Summary Judgment.  The Court notes that the facts are properly supported with attached exhibits.  The Petitioner has not responded to the facts, and the time for filing a Response has passed.  Therefore, the facts are deemed admitted by the Petitioner.  *See* Fed. R. Civ. P. 56(e)(2); CDIL-LR 7.1(D)(2).

Correctional Center in Joliet, Illinois, where he is in the custody of Warden Marcus Hardy. The Petitioner's prison identification number is K98161.

On November 22, 2002, in the Circuit Court of Montgomery County, Illinois, the Petitioner pleaded guilty to one count of first degree murder. On January 31, 2003, that court entered judgment and sentenced the Petitioner to 50 years' imprisonment.

The circuit court denied the Petitioner's motion to withdraw his guilty plea or to reduce his sentence, and the state appellate court affirmed on February 25, 2008. The Petitioner did not file a petition for leave to appeal in the Illinois Supreme Court.

On June 25, 2008, in the Circuit Court of Montgomery County, the Petitioner filed a pro se post-conviction petition under 725 ILCS 5/122-1, *et seq*. The trial court denied the Petitioner's post-conviction petition on July 20, 2009, and the state appellate court affirmed on November 16, 2010. The Petitioner filed a petition for leave to appeal that the Illinois Supreme Court denied on March 30, 2011.

On March 21, 2012, the Petitioner filed a § 2254 Petition in the

Northern District of Illinois. Pursuant to the Order of United States District Judge Amy J. St. Eve, the case was transferred to this Court on May 14, 2012.

The Respondent was ordered to file a Response to the Petition. On July 13, 2012, the Respondent filed a Motion for Summary Judgment. A Rule 56 Notice was sent to the Plaintiff on the same date. The Plaintiff has not responded to the Motion.

## II. DISCUSSION

The Respondent contends that Petitioner's § 2254 petition is untimely pursuant to 28 U.S.C. § 2244(d), which provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of United States is removed, if the applicant was prevented from filing by such State action;

>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

As the Respondent alleges, none of the Petitioner's claims[2] involve a state impediment to filing, a newly recognized and retroactive constitutional right, or a factual predicate that could not have been discovered through the exercise of due diligence before the conclusion of direct review. Pursuant to § 2244(d)(1)(A), therefore, the limitations period began to run on the date the Petitioner's conviction became final

---

[2] The Petitioner presents five grounds for relief, all of which allege ineffective assistance of counsel at trial or sentencing. Most concern Counsel's alleged failure to investigate certain matters.

through the expiration of time for seeking further direct review.

The state appellate court affirmed the Petitioner's conviction on February 25, 2008. Because the Petitioner did not file a petition for leave to appeal in the Illinois Supreme Court on direct review, his conviction became final on March 31, 2008, when the time for filing such a petition expired. *See Gonzalez v. Thaler*, 132 S. Ct. 641, 654 (2012) ("[B]ecause [petitioner] did not appeal to the State's highest court, his judgment became final when his time for seeking review with the State's highest court expired."); Ill. Sup. Ct. Rules 612(b), 315(b) (party seeking leave to appeal in Illinois Supreme Court must file PLA within 35 days of appellate court's judgment).

The limitations period is tolled under § 2244(d)(2) while a properly filed application for post-conviction relief is pending. *See Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005). Because it was on June 25, 2008, that Petitioner filed a post-conviction petition in state court, 85 days of un-tolled time elapsed between the date the conviction became final (March 31, 2008) and the filing of the post-conviction petition.

5

The state appellate court affirmed the dismissal of the Petitioner's post-conviction petition on November 16, 2010, and the Illinois Supreme Court denied the petition for leave to appeal on March 30, 2011. On March 31, 2011, the limitations period for the federal habeas petition resumed. *See Gutierrez v. Schomig*, 233 F.3d 490, 490-91 (7th Cir. 2000) ("[T]he one-year limitations period is not tolled during the time a state post-conviction petitioner could have filed, but did not file, a petition for certiorari review in the United States Supreme Court."). The Petitioner had 280 days to file a timely federal habeas petition. It would have been timely if filed on or before January 4, 2012.

The Petitioner did not file his § 2254 petition until March 21, 2012, after 441 days of untolled time. This includes the 85 days between the conclusion of direct review and the Petitioner's filing of a state post-conviction petition, plus the 356 days of untolled time that elapsed between the Illinois Supreme Court's denial of the petition for leave to appeal on post-conviction review and the Petitioner's filing of this petition.

There is no basis for finding that Petitioner is entitled to equitable

tolling. In *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010), the Supreme Court confirmed that equitable tolling is available for cases governed by § 2244(d)'s filing periods. However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id*. (internal quotations omitted).

The record does not establish that Petitioner diligently pursued his claims. He waited 356 days after the Illinois Supreme Court denied his petition for leave to appeal to file his federal habeas petition. *See Heilman v. Hardy*, __ F. Supp.2d __, 2012 WL 1003657, at *4 (C.D. Ill. Mar. 27, 2012) ("[I]t does not appear that the Petitioner was diligent in pursuing his rights, as he delayed filing the Petition until the eve of what he erroneously believed was the filing deadline."). Moreover, there is nothing in the record which suggests that an extraordinary circumstance prevented the Petition from complying with the limitations period. The Petitioner has not argued that such a circumstance prevented him from complying with the limitations period.

7

For the foregoing reasons, the Court will Allow the Respondent's Motion for Summary Judgment and dismiss the Petitioner's habeas petition as time-barred under § 2244(d)(1).

Pursuant to Rule 11 of the Rules Governing Habeas Corpus Cases Under Section 2254, a habeas petitioner is entitled to a certificate of appealability only if he makes a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c)(2); *Evans v. Circuit Court of Cook County, Ill.*, 569 F.3d 665, 667 (7th Cir. 2009). A petitioner must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the § 2254 petition is denied on procedural grounds, as in this case, a petitioner must show that reasonable jurists could debate whether the court's procedural ruling was correct. *See Slack*, 529 U.S. at 484-85.

Having determined that no reasonable jurist could debate the timeliness of the Petitioner's habeas corpus petition, the Court concludes

that Petitioner has not made a substantial showing of the denial of a constitutional right. Accordingly, the Court declines to issue a certificate of appealability.

<u>Ergo</u>, the Respondent's Motion for Summary Judgment [d/e 17] is ALLOWED. The Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus [d/e 10] is DENIED.

Pursuant to Rule 11, the Court declines to issue a certificate of appealability.

The Clerk will enter Judgment pursuant to this Order.

ENTER: August 30, 2012

    FOR THE COURT:

            *s/Richard Mills*
            s/Richard Mills
            United States District Judge